OPINION
{¶ 1} Defendant-Appellant, Robert L. Jones, appeals a judgment of the Clark County Common Pleas Court finding him guilty of murder, felonious assault, aggravated burglary, improper discharge of a firearm into a habitation, tampering with *Page 2 
evidence, having a weapon while under disability, and firearm specifications on three of the charges, and sentencing him to thirty-six years to life in prison. Jones asserts that the verdicts on the murder, felonious assault and aggravated burglary convictions were not supported by sufficient evidence and that they were contrary to the manifest weight of the evidence. He also contends that his sentence was improper because it was based upon facts not found by the jury. Because the verdicts were supported by sufficient evidence, and because the jury did not lose its way in returning the guilty verdicts, we affirm the judgment of conviction. However, because portions of the Ohio sentencing law have been determined to be unconstitutional, we vacate the sentence imposed and remand for resentencing.
 {¶ 2} In the afternoon of September 19, 2003, Jones appeared at the residence of Robert Hall, located at 825 South Center Street in Springfield, in order to see Hall's daughter, Idris. Jones and Idris had previously been in a relationship that she had terminated approximately four months earlier. Prior to that day, on September
15th, Jones had confronted Idris at her place of work in an altercation that resulted in security being called. Prior to his arrival at the residence, Jones called Idris several times, threatening to beat her up and demanding that she leave with him. When Jones arrived at the residence, Robert Hall allowed Jones to enter the residence and talk to Idris in the front room. During this conversation, Jones pulled up his shirt, displaying a handgun, in an attempt to intimidate her. In an attempt to get away from Jones, Idris tripped and injured the child she was carrying in her arms. At this point, Robert Hall came back into the front room and demanded that Jones leave the residence. Hall pushed Jones out the front door, striking Jones twice in the head. *Page 3 
 {¶ 3} While Jones was outside, he fired two shots, with one of them passing through the front door, striking Robert Hall in the pelvis. At this time, Idris ran to the kitchen to hide from Jones, and Jones re-entered the house. Jones placed the barrel of the gun to Robert Hall's head, then ran through the house and jumped out a back window. Jones later called both the hospital and Idris, inquiring about Robert Hall's condition. Robert Hall died from the gunshot wound the next day. Jones was later apprehended in Grand Junction, Colorado.
 {¶ 4} Jones was indicted on one count of aggravated murder, three counts of murder, one count of felonious assault, one count of improper discharge of a firearm into a habitation, one count of aggravated burglary, one count of tampering with evidence, and one count of having weapons while under disability. At the subsequent jury trial, Jones was acquitted of the aggravated murder charge, the jury did not reach a verdict on two of the alternative murder charges, and he was convicted of the remaining six offenses. Jones was also found guilty of firearm specifications on the murder, the felonious assault, and the improper discharge of a firearm into a habitation charges. Jones was sentenced on November 4, 2005, to an aggregate term of thirty-six years to life in prison. From this judgment, Jones filed this appeal, asserting five assignments of error for our consideration.
 First Assignment of Error {¶ 5} "The evidence presented at trial was insufficient to justify convictions for murder, felonious assault, or aggravated burglary."
 Second Assignment of Error {¶ 6} "In violation of due process, the guilty verdicts on the charges of murder *Page 4 
and felonious assault were entered against the manifest weight of the evidence."
 Third Assignment of Error {¶ 7} "The evidence presented at trial was insufficient to justify a conviction for aggravated burglary."
 Fourth Assignment of Error {¶ 8} "In violation of due process, the guilty verdict on the charge of aggravated burglary was entered against the manifest weight of the evidence."
 {¶ 9} In his first and third assignments of error, Jones asserts that his convictions for murder, felonious assault and aggravated burglary were not supported by sufficient evidence. In his second and fourth assignments of error, Jones asserts that his convictions on the murder, felonious assault and aggravated burglary were against the manifest weight of the evidence. Because, "[t]he legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different," we will address each separately. State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus.
 {¶ 10} We first address Jones' claim that the evidence was insufficient to support the finding that he was guilty of these charges beyond a reasonable doubt. An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 11} Jones was charged with committing murder under R.C. 2903.02(B). *Page 5 
 {¶ 12} The essential elements of murder that the state had to prove were: (1) that Jones caused the death of Hall, (2) as the proximate result of committing a felonious assault. R.C. 2903.02(B). The essential elements of felonious assault that the state had to prove were: (1) that Jones knowingly caused or attempted to cause physical harm to another person, (2) by means of a deadly weapon. R.C. 2903.11(A)(2). The essential elements of aggravated burglary that the state had to prove were: (1) that Jones trespassed, by force, (2) in an occupied structure, (3) when another person was present, (4) with purpose to commit a criminal offense in that structure, and (5) that Jones inflicted or attempted to inflict physical harm to another. R.C. 2911.11(A)(1).
 I. Sufficiency A. Murder and Felonious Assault {¶ 13} Because Jones admitted that he fired the shot that ultimately resulted in Robert Hall's death, he concedes the issues of causing physical harm, resulting in death, by means of a deadly weapon. Jones contests only the sufficiency of the state's evidence as to his state of mind at the time of the offense. Jones claims that the evidence is insufficient to find that he knowingly caused the harm.
 {¶ 14} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result." R.C.2901.22(B).
 {¶ 15} There is ample evidence that would establish that after Jones had been ejected from the Hall residence by Robert Hall, Jones fired one shot from his 9 mm handgun. After that shot was fired, Robert Hall opened the door to look outside. Immediately upon Hall reclosing the door, Jones again fired his weapon, this time *Page 6 
through the door, at approximately waist level, where he knew Robert Hall was standing. While there are slightly differing accounts of the incident, it is the function of the jury to resolve these conflicts and determine what evidence to believe. Also, merely because Jones did not shoot Robert Hall when Hall was in plain view does not require the jury to infer that Jones did not intend to harm Hall as suggested by Jones. Likewise, Jones' self-serving statements that he did not intend to hurt Hall, made after the fact, do not require the jury to conclusively so find on this element.
 {¶ 16} Clearly, however, viewing all of the evidence in the light most favorable to the prosecution, we conclude that the evidence was sufficient for a rational trier of fact to have found that Jones knowingly caused the physical harm to Robert Hall, which ultimately proved fatal.
 B. Aggravated Burglary {¶ 17} With regards to the aggravated burglary charge, Jones argues that the evidence is insufficient to find that he formulated a new and separate intent to commit a criminal offense prior to re-entering the house. Jones does not suggest that the evidence is insufficient to establish any of the other elements: that he trespassed by force in the Hall residence; that other persons were present; and that he caused harm to Robert Hall.
 {¶ 18} The intent to commit a criminal offense, however, does not need to be limited to the re-entry. The intent could have either been instantaneously formulated prior to his shooting Hall and subsequent re-entry, or it could have been the intent that he initially formulated prior to coming to the Hall residence that afternoon.
 {¶ 19} There was evidence that, upon re-entering the residence, Hall put his gun *Page 7 
up to the head of Robert Hall, and that he removed it only after being begged to by Hall's other daughter, Vashni. There was evidence that the jury could have believed that would indicate that Jones' initial intent upon coming to the Hall residence was to remove Idris and take her with him, with or without her consent. Also, Idris testified that she was so scared of Jones that after her father was shot in front of her, rather than coming to his aid, she hid in the kitchen. There is also evidence that Jones knew the police were responding to the shots fired and that he intended to escape their pursuit of him by exiting the rear of the home with his firearm in his possession. In short, there are a number of criminal offenses that Jones committed or that the jury could have inferred that he intended to commit after re-entering the house.
 {¶ 20} Viewing all of this evidence in the light most favorable to the prosecution, we conclude that the evidence was sufficient for a rational trier of fact to have found that Jones shot Robert Hall in order to re-enter the home and commit another criminal offense.
 II. Manifest Weight {¶ 21} We next address Jones' claim that his conviction on the charges of murder, felonious assault and aggravated burglary were against the manifest weight of the evidence.
 {¶ 22} When an appellate court analyzes a conviction under the manifest weight standard, it must review the entire record, weigh all of the evidence and all of the reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the fact-finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed *Page 8 
and a new trial ordered. Thompkins, 78 Ohio St.3d at 387, quotingState v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. Only in exceptional cases, where the evidence "weighs heavily against the conviction," should an appellate court overturn the trial court's judgment. Id.
 {¶ 23} Jones claims that because some of the evidence is contradictory on some points, and because the testimony of some witnesses differed slightly from their prior statements, none of the state's evidence is worthy of belief. Jones also takes issue with the failure of the state to locate the other bullet fragment and the state's failure to establish the distance from which the fatal shot was fired. Jones also claims, without explaining, that the jury's finding of not guilty of aggravated murder is inconsistent with the conviction for aggravated burglary. He claims that the sum of these factors requires a finding that his conviction is against the manifest weight of the evidence.
 {¶ 24} However, the jury was free to believe or disbelieve the testimony of any witness as to any issue, and the testimony of any one witness as to any material fact, believed by the trier of fact, is sufficient to prove any such fact. A review of the contradictions between witnesses' testimony and between witnesses' statements and their subsequent testimony shows that they are not significant. The failure to locate the other bullet fragment is adequately explained by the state's witnesses and, in any event, it is not material to proving guilt. Jones conceded that the bullet that was found was the bullet that he shot through the door and that inflicted the wound that resulted in Robert Hall's death.
 {¶ 25} With regards to the claim that the acquittal of aggravated murder and the *Page 9 
conviction of aggravated burglary are inconsistent, we note that the distinction between these two offenses is the necessary state of mind. The conviction on aggravated burglary requires the jury to find that Jones entered the home with the purpose to commit a crime. A conviction of aggravated murder requires the jury to find that Jones purposely caused the death of Robert Hall while committing aggravated burglary. Herein, the jury found that Jones caused the death of Robert Hall as the result of committing the offense of felonious assault, and they were free to find that he did not do so with the requisite state of mind of purpose. "A person acts purposely when it is his specific intention to cause a certain result * * *." R.C. 2901.22(A). Simply because Jones did not specifically intend to cause the death of Robert Hall does not mean that he did not commit the offense of aggravated burglary by re-entering the house after he shot Hall.
 {¶ 26} After having reviewed the entire record and considered all of the conflicting evidence, we cannot say that the jury clearly lost its way in finding Jones guilty of these offenses.
 {¶ 27} Accordingly, Jones' first, second, third and fourth assignments of error are overruled.
 Fifth Assignment of Error {¶ 28} "The trial court's [sic] erred by sentencing Mr. Jones to prison based on facts not found by the jury or admitted by Mr. Jones."
 {¶ 29} In this assignment of error, Jones claims that the sentencing herein is defective in light of the Ohio Supreme Court's holding inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and that the remedy set forth in Foster is *Page 10 
violative of the constitutional right to be free from ex post facto laws, that the result was unforeseeable, and therefore it violates his right to due process.
 {¶ 30} We must sustain this assignment of error regarding the Ohio sentencing statutes, and we must vacate and remand the case for a new sentencing hearing in light of the Supreme Court of Ohio's decision inFoster. The Foster court, following Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, and Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, held that R.C. 2929.14(B), 2929.14(C), 2929.14(E)(4), 2929.19(B)(2), and2929.41(A), which all require judicial fact-finding before imposing more than a minimum sentence, a maximum sentence, and a consecutive sentence, is unconstitutional. Foster, 109 Ohio St.3d at ¶ 83.
 {¶ 31} Jones, however, further argues that the application ofFoster to his sentence violates the Ex Post Facto Clause of the United States Constitution and that his due process rights are violated because the effect of Foster is to create an ex post facto law. He contends that the retroactive application of Foster increases the penalty for his offense, which was committed prior to the decision in Foster. He also argues that, pursuant to Bouie v. City of Columbia (1963), 378 U.S. 347,84 S.Ct. 1697, 12 L.Ed.2d 894, the application of Foster has unconstitutionally deprived Jones of his right to fair warning of a criminal prohibition.
 {¶ 32} However, for the reasons articulated by this court in State v.Smith, Montgomery App. No. 21004, 2006-Ohio-4405, we find no merit in Jones' arguments that his sentence violates either ex post facto or due process rights.
 {¶ 33} Jones is entitled to a new sentencing hearing because his original *Page 11 
sentence is void in light of Foster. At the resentencing, the trial court has full discretion to impose sentences within the statutory range, and it is no longer required to make findings or give reasons for imposing more than the minimum sentence.
 {¶ 34} The fifth assignment of error is sustained.
 {¶ 35} Based on the foregoing, the judgment of conviction is affirmed. The sentence imposed is vacated and the cause is remanded for further proceedings consistent with this opinion.
 FAIN, J. and DONOVAN, J., concur. *Page 1