JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Matthew Lynott appeals from his convictions after a jury found him guilty of three counts of aggravated burglary and two counts of felonious assault.
 {¶ 2} Lynott presents one assignment of error in which he argues his convictions are unsupported by either sufficient evidence or the manifest weight of the evidence. This court disagrees.
 {¶ 3} Lynott`s convictions for aggravated burglary and two counts of felonious assault are supported in the record; therefore, they are affirmed. However, Lynott`s convictions on two additional counts of aggravated burglary constitute plain error. Consequently, those are vacated, and the trial court must correct the journal entry to reflect that disposition. Since Lynott`s sentence on all counts was to be served concurrently, it remains unaffected.
 {¶ 4} Lynott`s convictions resulted from an incident that took place in Lakewood, Ohio on the very early morning of January 1, 2006. According to Jessica Johnson, she and her boyfriend, Ryan Taylor, were giving a party at her house. Invitations went out earlier that night by word of mouth. By the time Johnson arrived home from work shortly before midnight, she already had ten to fifteen guests.
 {¶ 5} Taylor testified that a little earlier that night, a young woman of his acquaintance, Sarah O`Neil, arrived at the party with Lynott. Sometime later, he *Page 4 
heard Lynott "pounding on the door in the bathroom"[1] in either frustration or rage. The noise led Taylor and two of his friends, Brad Rosberil and Matthew Malewski, to approach Lynott.
 {¶ 6} Rosberil demanded to know "what [Lynott`s] problem was." When Lynott responded in kind, a confrontation ensued. During it, Lynott punched Malewski in the face and threw a can of beer. Johnson, upset about the fight in her home, "pushed" Lynott and told him to leave. Taylor, Malewski and Rosberil eventually managed to subdue Lynott; they then "threw [Lynott] out of the house and told him not to come back." As he left, Johnson noticed Lynott was using his cellular telephone, "text messaging" someone.
 {¶ 7} Shortly after midnight, however, Taylor stood in the kitchen conversing with his father, Jack Taylor, when he saw Lynott enter "with three other gentlemen." Johnson wondered who Lynott`s companions were. Lynott physically pushed Jack Taylor out of his path. From their demeanor, Taylor believed "something bad was about to happen," so he and his father followed the intruders as they proceeded into the living room.
 {¶ 8} Upon entering the living room behind the intruders, Jack Taylor saw another man, whom he identified at trial as Robert Gallo, standing near the front door holding a large "stick." Rosberil, who was seated on the couch, saw Lynott *Page 5 
approach him with a focus that informed him Lynott "wanted to hurt [him]." Lynott "just jumped on" Rosberil and they began to "wrestle."
 {¶ 9} Taylor "grabbed one of [Lynott`s buddies] from the back" and tried to pull him away from the fight. Johnson ran into the living room to see Gallo join in the fray, striking people with the "stick." Rosberil testified that as he and Lynott fought near the couch, he saw "someone holding a short club;" Rosberil himself was struck in the head with a dark-colored "baseball bat."
 {¶ 10} Jack Taylor, seeing his son`s friends involved in the "scuffle," attempted to help, but received a blow in the head from behind. He testified he saw Lynott with a weapon in his hand that differed from the one Gallo carried. Jack Taylor was certain that Lynott had struck him with the object at least once, while Gallo used the blue "bat" to strike him twice.
 {¶ 11} Johnson, Taylor and his father all saw Malewski wrestle the bat from Gallo`s grasp. At that point, Lynott and his cronies fled the house, and the police were summoned. The responding officers took the bat as evidence.[2] Both Rosberil and Jack Taylor subsequently required medical treatment for head injuries they received during the incident. *Page 6 
 {¶ 12} Michael Fritsch, the detective assigned to investigate the incident, interviewed Lynott two weeks later. Lynott provided an oral and then a written statement.
 {¶ 13} Orally, Lynott admitted that after arriving at the party, he had been having a verbal disagreement in the bathroom, had been told to stop making so much noise by a young man, and had become upset, so he had gotten into an "altercation" and been thrown out of the house. Lynott told Fritsch he then "called his friend Rob Gallo [and] asked Rob Gallo to gather up some people [to] come back to the house because he wanted to go back in * * *." Lynott stated that after Gallo and the others joined him, they all entered and "he went after" the young man he held responsible for ejecting him. Lynott further admitted that "Gallo brought the stick to the fight." Lynott`s written statement differed only slightly from his oral account.
 {¶ 14} Lynott eventually was indicted in this case, charged with four counts of aggravated burglary and four counts of felonious assault. After the state presented its case, the trial court granted Lynott`s motions for acquittal as to one count of aggravated burglary and one count of felonious assault. Thereafter, Lynott presented evidence in his defense.
 {¶ 15} The jury found Lynott not guilty on one count of felonious assault, but guilty of the remaining counts, i.e., three counts of aggravated burglary and two counts of felonious assault. *Page 7 
 {¶ 16} Upon receiving his sentence of five years of conditional community control, Lynott challenges his convictions with one assignment of error, as follows.
 {¶ 17} "I. The Defendant`s rights to due process under the 14th Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution were violated, in that the Defendant`s conviction (sic) was not supported by sufficient evidence, and was against the manifest weight of the evidence."
 {¶ 18} Lynott presents two separate arguments in this assignment of error. He contends both that the evidence presented was insufficient to sustain his convictions and that the manifest weight of the evidence does not support his convictions. This court disagrees.
 {¶ 19} In considering a claim of insufficient evidence, this court is required to view the evidence adduced at trial, both direct and circumstantial, in a light most favorable to the prosecution to determine if a rational trier of fact could find the essential elements of each crime were proven beyond a reasonable doubt. State v.Dennis, 79 Ohio St.3d 421, 1997-Ohio-372; State v. Jenks (1991),61 Ohio St.3d 259.
 {¶ 20} Crim.R. 29(A) provides that the trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment * * * if the evidence is insufficient to sustain a conviction of such offense or offenses.* * *"
 {¶ 21} With regard to an appellate court`s function in reviewing the weight of the evidence, this court is required to consider the entire record and determine *Page 8 
whether in resolving any conflicts in the evidence, the jury "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 22} Testimony presented at trial in this case proved that: 1) Lynott was ejected from Johnson`s home and ordered to stay away; 2) Lynott was angry at that treatment; 3) Lynott called his friend Rob Gallo and asked him to assemble some others to go with him back into Johnson`s home; 4) when Lynott re-entered the home with his cohorts, he proceeded directly toward Rosberil and began to fight him; 5) Lynott was aware that Gallo brought a "stick with him to the fight" and carried it into the house; 6) both Rosberil and Jack Taylor received head injuries upon being struck with a "stick" or a "bat."
 {¶ 23} When viewed in a light most favorable to the prosecution, the foregoing evidence was sufficient to establish the elements of aggravated burglary[3] and felonious assault.[4] State v.Johnson, Lake App. No. 2004-L-215, 2006-Ohio-4540, T ¶¶ TJ44-45; see also, State v. Jones, Clark App. No. 2005 CA 122, 2007-Ohio-2425, T¶¶ T ¶¶ 19-20. *Page 9 
 {¶ 24} Moreover, the weight of the evidence presented to the jury supported Lynott`s convictions. Lynott admitted in his statements to Fritsch that he returned to Johnson`s home with a group his friend Gallo assembled, that he was angry at being ejected, and that he knew that Gallo "brought a stick to the fight."
 {¶ 25} With this evidence, the jury reasonably could conclude Lynott was being less than credible when he testified that he returned only to retrieve his sweatshirt from the couch and that Rosberil was the aggressor. Rather, he intended to avenge his treatment; he wanted a "fight." Moreover, since he was aware that at least one weapon was brought along, he knew someone might be seriously hurt in that fight.State v. Allen, Hamilton App. No. C-060239, 2006-Ohio-6822; State v.Jones, supra.
 {¶ 26} Lynott`s assignment of error is overruled.
 {¶ 27} The foregoing, however, does not end this court`s inquiry, because Lynott entered only one residence for the purposes of committing a criminal offense. Nevertheless, the trial court entered convictions against Lynott on three counts of aggravated burglary. Although Lynott does not raise this issue, this court finds plain error. State v.Thiam, Cuyahoga App. No. 87981, 2007-Ohio-282.
 {¶ 28} As this court has observed, the basic offense of "burglary" primarily is defined in terms of the offender`s conduct, rather than his conduct toward another person. State v. Powers, supra, Tf12. At common law, the offense was intended to punish the "breaking of the close." *Page 10 
 {¶ 29} R.C. 2911.01(A), which defines aggravated burglary, raises the degree of the criminal conduct if certain factors attend the offender`s entry. However, it does not contain an additional penalty for each person affected by the conduct. See, e.g., State v. Johnson, supra; see also, State v. Allen, Cuyahoga App. No. 82618, 2003-Ohio-6908, citingState v. Harrison (Dec. 9, 1999), Cuyahoga App. No. 75294.
 {¶ 30} Based upon the foregoing, one of Lynott`s convictions for aggravated burglary together with his convictions on two counts of felonious assault are affirmed. Two of Lynott`s convictions for aggravated burglary are vacated. His sentence remains unaffected.State v. Powers, supra, 4|25.
 {¶ 31} This case, therefore, is remanded to the trial court solely for correction of the journal entry of conviction. State v. Thiam, supra;State v. Powers, supra. It is ordered that appellant and appellee share costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant`s conviction having been affirmed in part, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and ANN DYKE, J., CONCUR
[1] Quotes indicate testimony given at trial.
[2] The record reflects the item was introduced into evidence at trial. However, it was not included in the record on appeal.
[3] In relevant part, R.C. 2911.11(A) provides that no person by force or stealth "shall trespass in an occupied structure * * *, when another person other than the accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense," either if the offender inflicts or attempts to inflict physical harm on another or if the offender has a "deadly weapon" on or about his person or under his control.
[4] R.C. 2903.11 prohibits the offender from "knowingly" causing serious physical harm to a victim. *Page 1