[Cite as *State v. Washington*, 2020-Ohio-988.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-T-0026** |
| MELVIN WASHINGTON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2018 CR 00515.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *Michael J. Fredericka,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow,* 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Melvin Washington, appeals the April 4, 2019 judgment of the Trumbull County Court of Common Pleas sentencing him to a 12-month term of incarceration. For the reasons discussed herein, the judgment is affirmed.

{¶2} In April 2018, two Warren City police officers conducted a traffic stop of a Chevrolet Cavalier in which Mr. Washington was a passenger. The officers both testified that the passenger window was halfway down at the time of the stop and one of the

officers, Officer Wire, testified that he observed the passenger of the vehicle, later identified as Mr. Washington, drop an item out of the open window. While the other officer, Officer Weber, gathered information of the two occupants of the vehicle from the driver's side of the vehicle, Officer Wire collected the dropped item, which appeared to be a plastic baggie containing crack cocaine. Subsequent testing proved the contents to contain .51 grams of cocaine.

{¶3} Mr. Washington was indicted on one count of Possession of Cocaine, a felony of the fifth degree, in violation of R.C. 2925.11(A)(C)(4)(a). Mr. Washington pleaded not guilty and the matter proceeded to trial, ultimately resulting in a hung jury. The trial court declared a mistrial and ordered a new trial. The second trial was held, and the jury, after being briefly deadlocked, ultimately found him guilty. Following a record check, the court sentenced Mr. Washington to 12 months imprisonment.

{¶4} Mr. Washington now appeals, assigning one error for our review:

{¶5} Appellants [sic] conviction is against the manifest weight of the evidence.

{¶6} "Weight of the evidence concerns 'the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the other.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997) (emphasis sic), quoting *Black's Law Dictionary* 1594 (6th Ed. 1990). A court reviewing the manifest weight of the evidence observes the entire record, weighs the evidence and all reasonable inferences, and considers the credibility of the witnesses. *Thompkins, supra.* In resolving conflicts in the evidence and deciding witness credibility, the court determines whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *Id.*

2

{¶7} "'The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Id.,* quoting *State v. Martin,* 20 Ohio App.3d 172 (1st Dist.1983). "This is because determinations of witness credibility, conflicting testimony, and evidence weight are primarily for the trier of the facts who sits in the best position to judge the weight of the evidence and the witnesses' credibility by observing their gestures, voice inflections, and demeanor." *State v. Janson,* 11th Dist. Ashtabula No. 2015-A-0072, 2016-Ohio-5671, ¶16.

{¶8} Mr. Washington argues on appeal that "**the only** witness that claims to have seen [him] drop anything from the passenger side window was Officer Wire" and that Officer Wire's ability to see the passenger drop something out of the window was "very questionable." (Emphasis sic.) Officer Weber, the driver of the police vehicle, testified that he parked the police vehicle not directly behind the Cavalier but offset about four or five feet to the left. Mr. Washington argues that, since the officers' vehicle was offset, it was unlikely Officer Wire, as the passenger, was able to see anything fall out of the window. Moreover, he notes, the driver of the Cavalier, Mr. Bendon, Jr., testified that he did not see Mr. Washington throw anything out the window. Finally, Mr. Washington also argues that this is "not typical 'manifest weight'" because the first trial resulted in a hung jury and the second trial, the jury initially indicated that it was "dead locked."

{¶9} Initially, we note that "'the testimony of any one witness as to any material fact, believed by the trier of fact, is sufficient to prove any such fact.'" *Janson, supra,* at ¶17, quoting *State v. Jones,* 2nd Dist. Clark No. 2005 CA 122, 2007-Ohio-2425, ¶24. "'When there exist two fairly reasonable views of the evidence or two conflicting versions

3

of events, neither of which is unbelievable, it is not our province to choose which one we believe.'" *Janson, supra*, at ¶16, quoting *State v. Pedro*, 7th Dist. Mahoning No. 11-MA-128, 2012-Ohio-3674, ¶11-12. "The choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." *State v. Awan,* 22 Ohio St.3d 120, 123 (1986).

{¶10} Ultimately, the jury in this case reached a unanimous guilty verdict. After reviewing the record, we cannot say that the evidence weighs heavily against the conviction. Officer Wire testified that he could see the passenger side window, was watching it closely at the instruction of Officer Weber, and saw Mr. Washington drop an item from the passenger-side window. Though Mr. Bendon, Jr. testified that he did not see Mr. Washington drop anything from the window, he admitted that he was not particularly paying attention to what Mr. Washington was doing when he was pulled over. Accordingly, we cannot say that the jury, as the finder of fact, clearly lost its way in finding Officer Wire's testimony more credible than Mr. Bendon, Jr.'s testimony.

{¶11} Mr. Washington's assignment of error is not well taken.

{¶12} In light of the foregoing, the judgment of the Trumbull County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.

4