JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Harold Stallworth appeals from the Cuyahoga County Court of Common Pleas, which denied his motion to suppress. For the following reasons, we affirm the trial court's decision.
 {¶ 2} Stallworth was charged with one count of possession of drugs, a felony of the first degree; one count of drug trafficking, a felony of the first degree; and one count of possession of criminal tools, a felony of the fifth degree. Stallworth filed a motion to suppress. *Page 2 
 {¶ 3} At the suppression hearing the evidence revealed that on April 27, 2007, in response to a "Mayor Action Complaint" from an anonymous citizen, Detective Rasco Davis of the Cleveland Police Department, Fifth District, set up surveillance at 1241 East 61st Street. The complaint stated that someone was selling drugs at that location from a maroon four-door vehicle with a temporary license plate. This was a "high drug area."
 {¶ 4} Det. Davis went to that location and observed a maroon four-door vehicle with temporary tags parked, with a male, later identified as Stallworth, sitting in the driver's seat. Det. Davis testified that another male entered the vehicle and sat in the passenger seat. A couple of seconds later, another male exited the apartment building and approached the driver's side of the vehicle. Stallworth and the male engaged in a conversation, and Det. Davis testified that he observed what he believed to be a hand-to-hand transaction. At that point, Det. Davis informed the take-down cars what had just transpired. Det. Davis left the area after the arresting officers arrived.
 {¶ 5} Det. Johnson testified that he searched the man who had approached the vehicle and was suspected to have engaged in a hand-to-hand transaction with the driver. No contraband was found, however.
 {¶ 6} Det. Johnson testified that two other detectives approached the vehicle and indicated that they smelled a strong odor of marijuana coming from the car. The *Page 3 
passenger was searched, and a marijuana cigar was found. Meanwhile, Det. Johnson asked Stallworth for his license. Stallworth indicated that he did not have a license and admitted that he was driving under suspension. Stallworth and the passenger were arrested. Stallworth had $2,275 in cash on his person. During the search of the vehicle, a plastic bag containing more than 60 grams of crack cocaine was found on the passenger side under the carpet near the dashboard and the glove box. After the detectives advised Stallworth of his Miranda rights, Stallworth admitted that the crack cocaine belonged to him and that the passenger had nothing to do with it. Stallworth indicated that he would "do his three years [in prison]," commenting that it was only an ounce.
 {¶ 7} At the suppression hearing, Stallworth denied making any statements to police. Stallworth testified that the drugs belonged to the passenger, "Charlie." Stallworth gave two conflicting explanations as to why he had so much cash with him.
 {¶ 8} The trial court denied Stallworth's motion to suppress. Stallworth pled no contest to the indictment and was sentenced to three years in prison. Stallworth appeals, advancing one assignment of error for our review, which states the following: *Page 4 
 {¶ 9} "The trial court denied Harold Stallworth's Constitutional right to be free from unreasonable searches and seizures, when it denied his motion to suppress illegally seized evidence."
 {¶ 10} Appellate review of a suppression ruling involves mixed questions of law and fact. See State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372. When ruling on a motion to suppress, the trial court serves as the trier of fact and is the primary judge of the credibility of the witnesses and the weight of the evidence. See State v.Fanning (1982), 1 Ohio St.3d 19, 20. An appellate court must accept the trial court's findings of fact as true if they are supported by competent and credible evidence. Burnside, supra, at _8. But the appellate court must then determine, without any deference to the trial court, whether the facts satisfy the applicable legal standard. Id.
 {¶ 11} Stallworth contends that the anonymous tip was not sufficiently corroborated to warrant an investigative stop.
 {¶ 12} To justify an investigative stop, the officer must be able to articulate specific facts which would warrant a reasonably prudent police officer to believe that the person stopped has committed or is committing a crime. Terry v. Ohio (1968), 392 U.S. 1, 27. A tip from an anonymous informant can give rise to a reasonable suspicion of criminal activity. See Alabama v. White (1990), 496 U.S. 325, 327; see, also,Maumee v. Weisner, 87 Ohio St.3d 295, 300, 1999-Ohio-68. Standing alone, *Page 5 
however, an anonymous tip is generally insufficient to support reasonable suspicion because it lacks the "necessary indicia of reliability." Id. at 329. "Unlike a tip from a known informant whose reputation can be assessed and who can be held responsible if her allegations turn out to be fabricated, an anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity." SeeFlorida v. J.L. (2000), 529 U.S. 266, 270, quoting Adams v.Williams (1972), 407 U.S. 143, 146-147, and White, 496 U.S. at 329. Consequently, anonymous tips require corroboration that establishes "sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop." See Florida v. J.L, 529 U.S. at 270, citing White, 496 U.S. at 327.
 {¶ 13} In this case, the trial court found that the police received an anonymous citizen complaint of drug activity involving a maroon four-door vehicle with a temporary tag. The court found that the tip alone was not sufficient to justify an investigative stop; however, the court noted that the police did not rely solely on the anonymous tip. Here, the police went to the alleged location, observed the maroon four-door vehicle with temporary tags, and set up surveillance. Det. Davis testified that while watching the car and its occupants, he observed what he believed to be a hand-to-hand transaction between the driver and an individual who had approached the vehicle. Det. Davis testified that this was a "high drug area." Det. Davis radioed the takedown vehicles to investigate possible drug activity. We find that the police *Page 6 
had reasonable suspicion to make an investigative stop of Stallworth and the other individuals.
 {¶ 14} Next, Stallworth complains that the police did not have probable cause to search his vehicle.
 {¶ 15} In State v. Moore, 90 Ohio St.3d 47, 2000-Ohio-10, the Ohio Supreme Court held that "the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle, pursuant to the automobile exception to the warrant requirement. There need be no other tangible evidence to justify a warrantless search of a vehicle." See, also, State v.Farris, 109 Ohio St.3d 519, 2006-Ohio-3255 (reaffirming that the smell of marijuana in the passenger compartment establishes probable cause to search the passenger compartment of that automobile, but not the trunk).
 {¶ 16} Here, the detectives approached the vehicle and requested Stallworth's license. One of the detectives announced that he smelled an odor of marijuana coming from the car. Stallworth and the other occupant were removed, and the car was searched. During the search of the vehicle, a plastic bag containing more than 60 grams of crack cocaine was found under the carpet near the dashboard and the glove box. InState v. Coston, 168 Ohio App.3d 278, 2006-Ohio-3961, the court held that "[t]he officer had probable cause to search the passenger compartment of the vehicle upon smelling the marijuana, and since the officer was entitled to search *Page 7 
every part of the defendant's passenger compartment that could conceal the marijuana, the officer was properly able to search under the floor mat where the gun was found." We find that the police had probable cause to search the vehicle as soon as they smelled marijuana. As a result, the search of the vehicle was valid; therefore, the motion to suppress was properly denied. Accordingly, Stallworth's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 FRANK D. CELEBREZZE, JR., A.J., and KENNETH A. ROCCO, J., CONCUR *Page 1