**The STATE of Ohio, Appellee,**

v.

**NEW, Appellant.**

[Cite as *State v. New,* 197 Ohio App.3d 718, 2012-Ohio-468.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 11AP–523.

Decided Feb. 9, 2012.

---

Ron O'Brien, Franklin County Prosecuting Attorney, and Laura R. Swisher, Assistant Prosecuting Attorney, for appellee.

Siewert & Gjostein Co., L.P.A., and Thomas A. Gjostein, for appellant.

SADLER, Judge.

{¶ 1} Appellant, Michael L. New, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of improperly handling firearms in a motor vehicle, following a bench trial. For the following reasons, we affirm.

{¶ 2} In September 2010, a Franklin County grand jury indicted appellant on one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), a fourth-degree felony. Appellant waived his right to a jury trial, and the matter proceeded to a bench trial on March 24, 2011. At trial, the parties waived opening statements and stipulated the facts of the case. The following stipulations were read into the record:

The parties would stipulate that if Officers Scholl, Carr, and Kegley of the Columbus Division of Police were called to testify, they would testify to the following: That on September 2, 2010, in the city of Columbus, county of Franklin, state of Ohio, at approximately 2:04 a.m. they were dispatched to 668 Wedgewood Drive, Apartment 7.

Officers Scholl and Carr initiated a traffic stop of a Chevrolet Blazer driven by Michael Miller in front of 692 Wedgewood Drive. The defendant, Michael New, was the front seat passenger of the Chevrolet Blazer. The vehicle was stopped because of a possible warrant for Mr. New. Upon approach to the vehicle, Officers Kegley and Walters joined the traffic stop. When Officers Scholl and Kegley opened the passenger side door, a loaded magazine was observed on the floor shoved halfway under the front seat between Mr. New's feet.

After detaining Mr. New and Mr. Miller, a black .22 caliber semiautomatic with no ammunition inside the firearm was found in the rear of the Blazer in an unzipped black foam gun case. The weapon was in plain view, as the case was not closed, and the ammunition for the weapon was in a loaded magazine with 14 live .22LR rounds * * * found halfway beneath the seat between Mr. New's feet. The weapon was a Smith and Wesson model M & P1522, serial number DTZ5277.

Furthermore, Michael Miller would testify that he picked Mr. New up in his Blazer and Mr. New put the rifle in the back and separated the ammo to the front seat because they thought that was legal.

Officer Walters would testify that he transported the firearm, its case, and magazine to the property room under Property Room Number 10–16914.

If Kelby Ducat of the Columbus Division of Police Crime Lab were called to testify, he would testify that the Smith and Wesson model M & P15-22, 22LR semiautomatic rifle with a 25–round magazine with Serial Number DTZ5227

and Property Number 10–16914, was examined and determined to be an operable firearm. This weapon has an operable thumb safety. And furthermore, that the weapon was test fired using CC1 22LR ammunition, and the bullets were collected in a water recovery system.

{¶ 3} Following the stipulations, appellant moved for an acquittal under Crim.R. 29, arguing that the facts did not constitute a violation of R.C. 2923.16(B). Specifically, appellant asserted that the firearm was not "loaded" under R.C. 2923.16(B), because the magazine was not inserted into the firearm. Although the firearm did not meet the statutory definition of "unloaded" in R.C. 2923.16(K)(5), appellant maintained that the statutory definition applied only to R.C. 2923.16(C). In response, the state argued that if a firearm does not meet the definition of "unloaded" in R.C. 2923.16(K)(5), then it is necessarily "loaded" under R.C. 2923.16(B).

{¶ 4} After hearing the arguments of counsel, the trial court overruled appellant's Crim.R. 29 motion and found appellant guilty of violating R.C. 2923.16(B). At sentencing, the trial court imposed a 180–day jail sanction of community control with 52 days of jail-time credit.

{¶ 5} Appellant now appeals, advancing three assignments of error for our consideration:

### FIRST ASSIGNMENT OF ERROR

Appellant's conviction was not supported by the sufficiency of the evidence and in violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and Article I, Sections 1 & 16 of the Ohio Constitution and the conviction was also against the manifest weight of the evidence.

### SECOND ASSIGNMENT OF ERROR

The statute, without a definition for the term loaded firearm, as applied to appellant and on its face is void for vagueness and violates appellant's Second, Fifth, Sixth, and Fourteenth Amendments rights under the U.S. Consti[t]ution and Article I, Sections 1, 4 and 16 under the Ohio Constitution.

### THIRD ASSIGNMENT OF ERROR

The trial court erred for failure to apply the standard set out by Revised Code sections 1.42 and 2901.04(a) in criminal statutes of strictly construing against the state and liberally construing for the ͺdefendant the undefined term of loaded firearm, in that common English language rules for grammar and usage control.

{¶ 6} Appellant's first assignment of error, which challenges the weight and sufficiency of the evidence, relies on the same statutory challenge as his third assignment of error, which argues that the trial court failed to construe the

statute against the state. For ease of discussion, we will address both assignments of error together.

{¶ 7} In determining whether a verdict is against the manifest weight of the evidence, an appellate court sits as the "13th juror" and must weigh the evidence to determine whether the trier of fact " 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. The appellate court must bear in mind the trier of fact's superior, first-hand perspective in judging the demeanor and credibility of witnesses. *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The power to reverse on manifest-weight grounds should be used only in exceptional circumstances, when "the evidence weighs heavily against the conviction." *Thompkins* at 387.

{¶ 8} An appellate court does not act as a 13th juror in determining the sufficiency of the evidence. The issue of sufficiency presents a purely legal question for the court regarding the adequacy of the evidence. *Id.* at 386. The relevant inquiry is whether, "after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶ 9} Appellant was convicted under R.C. 2923.16(B), which prohibits a person from knowingly transporting or having a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle. Pursuant to R.C. 2923.16(K)(5), the term "unloaded" means any of the following:

(a) No ammunition is in the firearm in question, and no ammunition is loaded into a magazine or speed loader that may be used with the firearm in question and that is located anywhere within the vehicle in question, without regard to where ammunition otherwise is located within the vehicle in question. For the purposes of division (K)(5)(a) of this section, ammunition held in stripper-clips or in en-bloc clips is not considered ammunition that is loaded into a magazine or speed loader.

(b) With respect to a firearm employing a percussion cap, flintlock, or other obsolete ignition system, when the weapon is uncapped or when the priming charge is removed from the pan.

{¶ 10} Appellant concedes that the firearm in this case was not "unloaded" under R.C. 2923.16(K)(5)(a) because it was found within the same vehicle as the loaded magazine and was capable of being used with the magazine. Neverthe-

less, he maintains that this statutory definition applies only to R.C. 2923.16(C), which specifically uses the word "unloaded." [1] Appellant claims that courts must apply the ordinary meaning of "loaded," which, according to appellant, requires the magazine to be inserted into the firearm.

{¶ 11} Contrary to appellant's argument, "[a] legislative body need not define every word it uses in an enactment." *State v. Dorso* (1983), 4 Ohio St.3d 60, 62, 446 N.E.2d 449, citing *Kiefer v. State* (1922), 106 Ohio St. 285, 139 N.E. 852. While words and phrases must be read in context and construed according to the rules of grammar and common usage, "[w]ords and phrases that have acquired a technical or particular meaning, whether *by legislative definition* or otherwise, shall be construed accordingly." (Emphasis added.) R.C. 1.42.

{¶ 12} "Definitions provided by the General Assembly are to be given great deference in deciding the scope of particular terms." *Montgomery Cty. Bd. of Commrs. v. Pub. Util. Comm.* (1986), 28 Ohio St.3d 171, 175, 503 N.E.2d 167. "Where a statute defines terms used therein, such definition controls in the application of the statute, even though such definition may vary from that employed as to similar words in other statutes." *Good Samaritan Hosp. of Dayton v. Porterfield* (1972), 29 Ohio St.2d 25, 29, 278 N.E.2d 26; see also *Tenn. Protection & Advocacy, Inc. v. Wells* (C.A.6, 2004), 371 F.3d 342, 349–350 ("it is well-settled law that when a statutory definition contradicts the everyday meaning of a word, the statutory language generally controls").

{¶ 13} With R.C. 2923.16(K)(5), the General Assembly has expressly identified when a firearm is "unloaded" and, conversely, "loaded." The prefix "un" means "not" or the "opposite." Black's Law Dictionary (9th Ed.2009); Webster's Third New International Dictionary 2481 (1968). Thus, if a firearm is not "unloaded" under R.C. 2923.16(K)(5), then it is necessarily "loaded" under R.C. 2923.16(B). This interpretation comports with the legislative goal expressed in the committee notes to R.C. 2923.16: "In essence, the section says that firearms in a motor vehicle must be *unloaded.*" (Emphasis added.)

{¶ 14} Under appellant's interpretation, R.C. 2923.16 would create an amorphous class of firearms that are neither loaded nor unloaded. Appellant attempts to support this view by arguing that statutes defining criminal offenses must be strictly construed against the state. However, while this is a correct statement of law, see R.C. 2901.04(A), the "canon in favor of strict construction of criminal statutes is not an obstinate rule which overrides common sense and

---

1. R.C. 2923.16(C) prohibits an individual from knowingly transporting or having *any* firearm in a motor vehicle, unless that person may lawfully possess that firearm, the firearm is "unloaded," and the firearm is carried in one of the enumerated ways.

evident statutory purpose." *State v. Sway* (1984), 15 Ohio St.3d 112, 116, 472 N.E.2d 1065, citing *United States v. Moore* (1975), 423 U.S. 122, 145, 96 S.Ct. 335, 46 L.Ed.2d 333; see also *In re Wood,* 10th Dist. No. 06AP–1032, 2007-Ohio-3224, 2007 WL 1821691, ¶ 12. The canon is satisfied if the statutory language is given fair meaning in accord with the manifest intent of the General Assembly. *Id.* Accordingly, we hold that a firearm is "loaded" under R.C. 2923.16(B) when it does not meet the definition of "unloaded" under R.C. 2923.16(K)(5).

{¶ 15} Because appellant's firearm was not "unloaded" under the statutory definition, it was necessarily loaded for the purposes of R.C. 2923.16(B). Therefore, with regard to his first assignment of error, we hold that appellant's conviction was supported by sufficient evidence and was not against the manifest weight of the evidence. Moreover, because the rule of strict construction in R.C. 2901.04(A) does not support appellant's interpretation, we also disagree with the argument raised in his third assignment of error. Accordingly, appellant's first and third assignments of error are overruled.

{¶ 16} We now turn to appellant's second assignment of error, which argues that R.C. 2923.16(B) is unconstitutionally void for vagueness based on the same statutory challenges contained in his first and third assignments of error. However, because appellant did not raise this constitutional challenge in the trial court, he failed to preserve this claim for appellate review. *State v. Awan* (1986), 22 Ohio St.3d 120, 489 N.E.2d 277, holding limited by *In re M.D.* (1988), 38 Ohio St.3d 149, 527 N.E.2d 286 (constitutional arguments not raised at trial are generally deemed waived). Nevertheless, even assuming that appellant properly preserved this claim of error, for the reasons discussed above, we find that R.C. 2923.16(B) is not void for vagueness. See generally *Norwood v. Horney,* 110 Ohio St.3d 353, 2006-Ohio-3799, 853 N.E.2d 1115, ¶ 84. Therefore, appellant's second assignment of error is overruled.

{¶ 17} Accordingly, appellant's first, second, and third assignments of error are overruled. Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

Judgment affirmed.

CONNOR and DORRIAN, JJ., concur.