[Cite as *State v. Taylor*, 2015-Ohio-3252.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

       Plaintiff-Appellee,                    :

                                              No. 14AP-857

v.                                                          :       (C.P.C. No. 13CR03-1466)

Carl L. Taylor,                                       :       (REGULAR CALENDAR)

       Defendant-Appellant.                 :

---

D E C I S I O N

Rendered on August 13, 2015

---

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*Clark Law Office*, and *Toki Michelle Clark*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Carl L. Taylor, appeals from a judgment of conviction entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm that judgment.

## I. Factual and Procedural Background

{¶ 2} On the afternoon of August 9, 2012, Columbus Police Officers Brandon Petry and Alexander Rilling stopped the car appellant was driving on the near west side of Columbus, Ohio. They stopped him after observing the windows on his car were tinted too dark and his failure to use a turn signal before making a left hand turn. As they approached the car, both officers noticed a strong odor of marijuana coming from the car. Officer Petry removed appellant from the car and placed him in the police car. The

officers then began a search of the car. Officer Rilling found a set of keys on the floor below the front passenger seat which he used to open up the car's glove box, in which he found an unloaded 9mm handgun. He also found a loose 9mm bullet on the floor behind the passenger's seat. At the same time, Officer Petry found two marijuana cigarettes in the car's center console and a magazine of live ammunition under the driver's seat. Officer Rilling concluded that the stray bullet he found appeared to fit in the magazine and that the magazine fit in the 9mm handgun.

{¶ 3} As a result of these events, a grand jury indicted appellant with counts of carrying a concealed weapon in violation of R.C. 2923.12 and improperly handling firearms in a motor vehicle in violation of R.C. 2923.16. Appellant entered not guilty pleas and proceeded to a jury trial. Before trial, appellant filed a motion to suppress the evidence obtained during the search of his car. In the motion, appellant argued that the officers did not have probable cause to search his car. Specifically, while appellant conceded that the search was lawful at its inception, he argued that it became unconstitutional when the officers expanded the scope of the search to the rest of the car after finding the source of the marijuana odor. After a hearing at which the officers testified to the above version of events, the trial court summarily denied the motion to suppress.

{¶ 4} At appellant's jury trial, the officers again testified to the same version of events as above. Appellant testified that he did have marijuana cigarettes in the car and an unloaded handgun in his car's glove box. He denied, however, that the loaded magazine was found in the car.[1] He testified that he secured the magazine in the car's trunk and that the officers found it there, not inside the car. He did concede that the loaded magazine was for the 9mm handgun found in the glove box. (Tr. 126, 128.) The jury found appellant guilty of both counts and the trial court sentenced him accordingly.

## II. The Appeal

{¶ 5} Appellant appeals and assigns the following errors:

> [1.] The verdict of guilty is not supported by legally sufficient evidence.

---

[1] He also denied knowing how the one stray bullet that Officer Rilling found in the back of the car got there.

[2.] The conviction of appellant is against the manifest weight of the evidence.

[3.] The trial court erred when it failed to grant the defednant's motion for acquittal.

[4.] The trial court erred in failing to grant appellant's motion to suppress evidence.

### A. The Sufficiency and Weight of the Evidence

{¶ 6} We address appellant's first, second, and third assignments of error together, as they all address the evidence supporting his convictions. Appellant contends that his convictions are not supported by sufficient evidence and are against the manifest weight of the evidence. We disagree.

{¶ 7} Sufficiency of the evidence is a legal standard that tests whether the evidence introduced at trial is legally adequate to support a verdict. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). Whether the evidence is legally sufficient to support a verdict is a question of law. *Id.*

{¶ 8} In determining whether the evidence is legally sufficient to support a conviction, " '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. Robinson*, 124 Ohio St.3d 76, 2009-Ohio-5937, ¶ 34, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. A verdict will not be disturbed unless, after viewing the evidence in the light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. *State v. Treesh*, 90 Ohio St.3d 460, 484 (2001).

{¶ 9} In this inquiry, appellate courts do not assess whether the state's evidence is to be believed but, whether, if believed, the evidence admitted at trial supports the conviction. *State v. Yarbourgh*, 95 Ohio St.3d 227, 2002-Ohio-2126, ¶ 79-80 (evaluation of witness credibility not proper on review for sufficiency of evidence); *State v. Bankston*, 10th Dist. No. 08AP-668, 2009-Ohio-754, ¶ 4 (noting that "in a sufficiency of the evidence review, an appellate court does not engage in a determination of witness credibility;

rather, it essentially assumes the state's witnesses testified truthfully and determines if that testimony satisfies each element of the crime").

{¶ 10} The weight of the evidence concerns the inclination of the greater amount of credible evidence offered to support one side of the issue rather than the other. *Thompkins* at 387. Although there may be sufficient evidence to support a judgment, a court may nevertheless conclude that a judgment is against the manifest weight of the evidence. *Id.* When presented with a challenge to the manifest weight of the evidence, an appellate court may not merely substitute its view for that of the trier of fact, but must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id.* An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983); *State v. Strider-Williams*, 10th Dist. No. 10AP-334, 2010-Ohio-6179, ¶ 12.

{¶ 11} In order to find appellant guilty of carrying a concealed weapon in this case, the state had to prove beyond a reasonable doubt that he knowingly carried or had concealed ready at hand, a handgun other than a dangerous ordnance. R.C. 2923.12(A)(2). Pursuant to R.C. 2923.12(F)(1), a conviction for carrying a concealed weapon is a felony of the fourth degree if the weapon is a firearm that is either loaded or for which the offender has ammunition ready at hand. Ready at hand is defined as being conveniently accessible and within immediate physical reach. *State v. Davis*, 115 Ohio St.3d 360, 2007-Ohio-5025, ¶ 29.

{¶ 12} In order to find him guilty of improperly handling firearms in a motor vehicle, the state had to prove beyond a reasonable doubt that appellant knowingly transported or had a loaded firearm in a car in such a manner that the firearm was accessible to the operator or passenger without leaving the car. R.C. 2923.16(B).

{¶ 13} Appellant argues that it was improper for the jury to infer from the evidence that the loose 9mm bullet the police found on the floor behind the passenger seat matched the bullets in the magazine clip, and that the magazine clip matched the gun that was

found in his car.  However, appellant makes no attempt to reconcile this argument with his admission at trial that the magazine was for the gun found in the glove box.  Given this testimony from appellant, the jury did not need to make any inferences regarding whether the magazine fit the gun.  To the extent that appellant is arguing that his convictions must be reversed because the gun in his car was not loaded,[2] appellant is mistaken.

{¶ 14} Although a "loaded" gun is not defined in the statutes, an "unloaded" gun is. R.C. 2923.16(K)(5).  Pursuant to that definition, a gun is unloaded if:

> [N]o ammunition is in the firearm in question, no magazine or speed loader containing ammunition is inserted into the firearm in question, and one of the following applies:
>
> (i) There is no ammunition in a magazine or speed loader that is in the vehicle in question and that may be used with the firearm in question.
>
> (ii) Any magazine or speed loader that contains ammunition and that may be used with the firearm in question is stored in a compartment within the vehicle in question that cannot be accessed without leaving the vehicle or is stored in a container that provides complete and separate enclosure.

{¶ 15} We have previously held that "a firearm is 'loaded' under R.C. 2923.16(B) when it does not meet the definition of 'unloaded' under R.C. 2923.16(K)(5)." *State v. New*, 197 Ohio App.3d 718, 2012-Ohio-468, ¶ 14 (10th Dist.).

{¶ 16} Here, although the firearm in the glove box did not have ammunition in it, the magazine found in the car under the driver's seat contained ammunition and was not stored in a compartment or a separate container.  Appellant testified at his trial that the magazine was for the firearm found in the car's glove box.  (Tr. 126.)  Thus, "[b]ecause appellant's firearm was not 'unloaded' under the statutory definition, it was necessarily loaded for the purposes of R.C. 2923.16(B)." *New* at ¶ 15.  Accordingly, we reject appellant's argument.

{¶ 17} Appellant's convictions are supported by sufficient evidence and are not against the manifest weight of evidence. Accordingly, we overrule appellant's first, second, and third assignments of error.

---

[2] This argument does not implicate appellant's conviction for carrying a concealed weapon because the ammunition found in appellant's car was clearly "ready at hand" as that term is defined in *Davis*.  Thus, we only consider whether his firearm was loaded for his improper handling conviction.

**B. The Motion to Suppress**

{¶ 18} Appellant argues in his fourth assignment of error that the trial court erred by denying his motion to suppress. We disagree.

{¶ 19} " 'Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.' " (Citations omitted.) *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, ¶ 100, quoting *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶ 20} Appellant does not dispute the legality of the initial stop of his car. Instead, he argues that the police improperly exceeded the scope of the search of his car without probable cause after finding marijuana cigarettes in the car. We disagree.

{¶ 21} The smell of marijuana from a car, by a person qualified to recognize the smell, is sufficient to establish probable cause to search the car. *State v. Moore*, 90 Ohio St.3d 47 (2000), syllabus; *State v. Coston*, 168 Ohio App.3d 278, 2006-Ohio-3961, ¶ 18 (10th Dist.). And once probable cause supports a search of a car, it justifies the search of every part of the car that may conceal the object of the search. *Id.*, quoting *Wyoming v. Houghton*, 526 U.S. 295, 301 (1999).

{¶ 22} Here, both of the officers testified that they smelled an odor of marijuana from the car.[3] That smell provided the officers with probable cause to search the car. *Moore*; *State v. Stallworth*, 8th Dist. No. 88800, 2007-Ohio-4300, ¶ 15. That search extends to the passenger compartment of the car, including the glove box. *Coston*; *State v. Buckner*, 2d Dist. No. 21892, 2007-Ohio-4329, ¶ 11 (search of car, including glove box, affirmed). Appellant maintains the search should have stopped once the officers found marijuana. We disagree. The smell of marijuana provided the officers with probable cause to search the passenger compartment of appellant's car and that probable cause does not end once some drugs are found. *State v. Maughmer*, 4th Dist. No. 09CA3127,

---

[3] Appellant does not dispute that the officers were qualified to recognize that smell.

2010-Ohio-4425, ¶ 2 (drugs found during search of glove box even after other drugs already found); *State v. Bazrawi*, 10th Dist. No. 12AP-1043, 2013-Ohio-3015, ¶ 29-31 (gun lawfully found after already discovering drugs). Simply put, the probable cause justifies the search of the entire car. *Moore*.

{¶ 23} The trial court did not err by denying appellant's motion to suppress. Accordingly, we overrule appellant's fourth assignment of error.

## III. Conclusion

{¶ 24} Having overruled appellant's four assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN, P.J., and HORTON, J., concur.