[Cite as *State v. Unrue*, 2020-Ohio-6808.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-L-054** |
| LAUREL A. UNRUE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2019 CR 000440.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Jennifer A. McGee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, Ohio 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Justin J. Mackin*, Assistant Public Defender, 125 East Erie Street, Painesville, Ohio 44077 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Laurel Unrue, appeals her convictions for aggravated vehicular assault, operating a vehicle under the influence of alcohol, vehicular assault, and failure to stop after an accident. We affirm.

{¶2} In appealing her convictions, appellant raises two assignments of error:

{¶3} "[1.] The trial court erred to the prejudice of the defendant-appellant when it denied her Crim.R. 29(A) motion for judgment of acquittal in violation of her

rights to fair trial and due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution."

{¶4} "[2.] The jury erred to the prejudice of the defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence."

{¶5} "'The test for determining whether a conviction is against the manifest weight of the evidence differs from the test as to whether there is sufficient evidence to support the conviction. "Weight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather the other.'" [*State v. Thompkins*, 78 Ohio St.3d 380] at 387, quoting Black's Law Dictionary 1594 (6th Ed.1990) (emphasis omitted). Even though an appellate court finds sufficient evidence to support a judgment, the court may conclude that a judgment is against the manifest weight of the evidence. [*State v. Taylor*, 10th Dist. Franklin No. 14AP-857, 2015-Ohio-3252], at ¶ 10, citing *Thompkins* at 387. An appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses determine whether, in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id.*

{¶6} "'Within a manifest weight of the judgment review, an appellate court considers the credibility of the witnesses. Courts should only reverse based upon manifest weight grounds in "the exceptional case in which the evidence weighs heavily against the conviction." *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). "Moreover, '"it is inappropriate for a reviewing court to interfere with factual

2

findings of the trier of fact (* * *) unless the reviewing court finds that a reasonable juror could not find the testimony of the witness to be credible.'"" *State v. Redman*, 10th Dist. No. 10AP-654, 2011-Ohio-1894, ¶ 7 * * *. Therefore, we provide great deference to the [trier of fact]'s determination of witness credibility. *Redman* at ¶ 26 * * *. The appellate court's "ability to weigh the evidence and consider the credibility of witnesses is limited, since we must be mindful that the trier of fact was in the best position to evaluate the demeanor and credibility of witnesses and determine the weight to be accorded to the evidence." *State v. Galloway*, 10th Dist. No. 03AP-407, 2004-Ohio-557, citing [*State v. DeHass*, 10 Ohio St.2d 230 (1967)], at paragraph one of the syllabus. The trier of fact is free to believe all, part, or none of the testimony of each witness appearing before it. *State v. Lindsey*, 10th Dist. No. 14AP-751, 2015-Ohio-2169, ¶ 44 * * *.' *State v. Anderson*, 10th Dist. Franklin No. 14AP-1047, 2015-Ohio-4458, ¶ 16-17." *State v. Masters*, 11th Dist. Lake No. 2019-L-037, 2020-Ohio-864, ¶ 18-19.

{¶7} The elements of aggravated vehicular assault, a violation of R.C. 2903.08(A)(1)(a), are (1) operating a motor vehicle within the state, (2) while under the influence of alcohol, a drug of abuse, or a combination of them, and (3) causing serious bodily harm to another.

{¶8} The elements of operating a vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a), are (1) operating a motor vehicle, (2) while under the influence of alcohol, a drug of abuse, or a combination of them.

{¶9} The elements of vehicular assault, in violation of R.C. 2903.08(A)(2)(b) and R.C. 2903.08(C)(1), are (1) operating a motor vehicle, (2) recklessly, and (3) causing serious bodily harm to another.

3

{¶10} The elements of failure to stop after an accident, in violation of R.C. 4549.02(A), are: (1) knowingly (2) leaving the scene after a motor vehicle accident occurred.

{¶11} The evidence presented at trial supports the jury's findings that appellant operated her motor vehicle while under the influence of alcohol; in a reckless manner; that she caused serious bodily injury to the victim as a result; and that although she knew she was in an accident, she failed to stop.

{¶12} At approximately at 11:30 p.m. on March 30, 2019, Bartlett Ward was driving south on Hubbard Road when he came upon appellant in a silver SUV struggling to exit a parking space either in the parking lot near the road or in roadside parking at the Shore Tavern. Appellant pulled out in front of Ward, and he followed her for about a mile and observed her weaving in and out of her lane and onto the righthand fog lane at varying rates of speed. After about a mile, Ward saw appellant swerve into the righthand berm and hit something, which at that time he believed to be a mailbox or a tree. Ward, shortly thereafter, realized appellant struck the victim. Ward then honked his horn in an attempt to alert appellant to stop. Appellant applied her brakes, but never came to a complete stop. Instead, she continued driving. Ward then pulled over and contacted 911.

{¶13} Police arrived about 20 minutes later and went to the Shore Tavern to try to identify the driver. Officer Butram secured a receipt and watched surveillance footage that helped him identify the driver as appellant.

{¶14} Officer Butram arrived at appellant's home about an hour and a half after the accident. While waiting for her to answer the door, he saw the pizza boxes that she carried out of the tavern on the countertop. Officer Butram testified that when she came

4

to the door, she appeared to have been sleeping. He could smell alcohol on her breath. Upon questioning appellant, she acknowledged she had been drinking alcohol. She also mentioned that she may have struck something.

{¶15} Officer Burtram then asked her to go outside to look at her vehicle with him. He noticed damage to the passenger front side of appellant's car, consistent with where the victim had been hit. Officer Burtram also noticed that the passenger side mirror was broken and hanging by wires, with the glass broken out of it. He testified that this was consistent with broken glass that was found at the scene of the accident. When Butram told appellant that the victim was seriously injured, appellant became emotional and started to cry.

{¶16} Appellant argues that her convictions were not supported by competent credible evidence. Appellant asserts that testimony by the sole eyewitness was not credible. "However, the jury was free to believe or disbelieve the testimony of any witness as to any issue, and the testimony of any one witness as to any material fact, believed by the trier of fact, is sufficient to prove any such fact." *State v. Jones*, 2nd Dist. Clark No. 2005 CA 122, 2007-Ohio-2425, ¶ 24.

{¶17} Appellant argues that a conviction for driving under the influence of alcohol cannot be sustained because no field sobriety test or chemical test was performed. However, neither field sobriety nor chemical testing is required to prove intoxication. The state can rely on factors such as slurred speech, bloodshot eyes, and the odor of alcohol to prove intoxication. *State v. Schmitt*, 101 Ohio St.3d 79, 2004-Ohio-37, 801 N.E.2d 446, ¶ 12, citing *State v. Wargo*, Trumbull App. No. 96 T 5528, 1997 WL 703373 (Oct. 31, 1997).

5

{¶18} Erratic driving, an admission of drinking alcoholic beverages, and the odor of alcohol on an individual's breath, while not dispositive, are all indicative that an individual is under the influence of alcohol. *State v. Heiney*, 11th Dist. Portage No. 2006-P-0073, 2007-Ohio-1199, ¶ 19-23; *State v. Almonte*, 11th Dist. Portage No. 2005-P-0093, 2006-Ohio-6688, ¶ 31. The state also presented two of appellant's receipts from that evening, one from Joey's where she admitted to having some drinks with a friend and another from the Shore Tavern for three drinks.

{¶19} Reckless is defined as acting "with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22. "[C]onsuming alcohol prior to operating a motor vehicle may demonstrate heedless indifference to the consequences of one's actions and a perverse disregard of a known risk, as is required by R.C. 2901.22 to demonstrate reckless conduct." (Citations omitted). *State v. Gaughan,* 9th Dist. Medina No. 08CA0010-M, 2008-Ohio-5528, ¶ 39.

{¶20} "Direct evidence of the accused's actual knowledge would not ordinarily be available and that knowledge could be imputed by the use of circumstantial evidence." *State v. Rubal*, 11th Dist. Lake No. 7-178, 1980 WL 352149, *1 (March 31, 1980). The state provided sufficient circumstantial evidence, by way of damage to appellant's vehicle, and her applying the brakes and admission that she may have struck something, for knowledge to be imputed onto appellant and for the jury to find that she had knowledge that she struck the victim and drove away.

6

{¶21} Finally, serious physical harm is defined as "[a]ny physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain." R.C. 2901.01(A)(5)(e). As a result of being struck, the victim was seriously injured, suffering from a laceration to his scalp, a concussion, a pulmonary embolism, torn ligaments in his right knee, scratches to the face, and bruising.

{¶22} None of these facts standing alone are dispositive. However, when presented together, a jury could reasonably infer that appellant committed all of the elements of the charged crimes. Accordingly, appellant's convictions are not against the manifest weight of the evidence and are supported by sufficient evidence. *State v. DiBiase*, 11th Dist. Lake No. 2011-L-124, 2012-Ohio-6125, ¶ 38; *State v. Pesec*, 11th Dist. Portage No. 2006-P-0084, 2007-Ohio-3846, ¶ 44; *State v. Craig*, 11th Dist. Lake No. 2016-L-113, 2017-Ohio-8939, ¶ 52.

{¶23} And finding her convictions are not against the manifest weight of the evidence, each is also necessarily supported by sufficient evidence. *State v. Struble*, 2019-Ohio-4650, 148 N.E.3d 24, ¶ 35 (11th Dist.). Because a Crim.R. 29 argument challenges the sufficiency of the evidence, this argument lacks merit as well.

{¶24} Therefore, both of appellant's assignments of error are without merit. The judgment of the Lake County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

7