[Cite as *State v. Nesbit*, 2019-Ohio-1646.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 107278**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DARNELL L. NESBIT

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-17-614900-A and CR-17-623194-A

**BEFORE:** Celebrezze, J., Kilbane, A.J., and Sheehan, J.

**RELEASED AND JOURNALIZED:** May 2, 2019

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
820 West Superior Avenue, Suite 800
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Justin Washburne
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Darnell Nesbit ("appellant"), brings the instant appeal challenging his convictions and sentence. Specifically, appellant argues that the trial court erred in denying his motion to suppress; the trial court erred in denying his judgment of acquittal motion; his convictions are against the manifest weight of the evidence; the trial court erred in granting the prosecutor's oral motion for joinder; the trial court erred when it admitted other acts evidence pursuant to Evid.R. 404(B); and the trial court improperly ordered him to pay court costs. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} On February 12, 2017, appellant's vehicle was stopped in Cleveland, Ohio by two Regional Transit Authority ("RTA") police officers, Officers Cooke and Shuster, after appellant was observed committing a traffic violation. The officers observed appellant drive through a red light, in violation of R.C. 4511.13, and initiated a traffic stop.[1]

{¶3} Once Officers Cooke and Shuster approached appellant's vehicle, they smelled a strong odor of burnt marijuana and identified the driver of the vehicle as appellant. The officers asked appellant about the smell of burnt marijuana, and

---

[1]Appellant was found not guilty of this traffic violation. *See* Cleveland M.C. No. 2017 TRD 004859.

appellant stated that he had just smoked marijuana but he threw the "roach out" of the vehicle. Officers also learned that the vehicle was not registered to appellant.

{¶4} While attempting to issue appellant a citation for the traffic violation, appellant became disorderly and argumentative and refused to sign for the traffic citation. Officers attempted on three occasions to have appellant sign for the citation. As a result of appellant's disorderliness, the officers removed appellant from the vehicle and radioed their supervisor to the scene. Officers Cooke and Shuster then began to search appellant's vehicle for the source, if any, of the marijuana. During the search of appellant's vehicle, officers located a winter glove under the driver's seat. Inside the winter glove, officers found a small bag that contained grey colored "rocks," which officers suspected to be narcotics. As officers discovered these suspected narcotics, appellant fled the scene on foot. Appellant was later apprehended down the street from the location of the traffic stop.

{¶5} Appellant was arrested, the vehicle was towed, and officers conducted an inventory search of the vehicle. Subsequent testing performed determined that the grey rock-like substance found in the winter glove was methamphetamine. Officers also located a prescription pill bottle of Tramadol,[2] a controlled substance, in the vehicle's center console. The bottle of Tramadol was not prescribed to appellant. Officers also found a small bag containing marijuana in the vehicle's driver's side door panel.

---

[2] A prescribed pain medication.

**{¶6}** Appellant was charged in the following three-count indictment in Cuyahoga C.P. No. CR-17-614900 ("614900"): Count 1, possession of drugs — methamphetamines, in violation of R.C. 2925.11(A), a fifth-degree felony; Count 2, possession of drugs — Tramadol, in violation of R.C. 2925.11(A), a fifth-degree felony; and Count 3, obstructing official business, in violation of R.C. 2921.31(A), a second-degree misdemeanor. Appellant pled not guilty to the offenses.

**{¶7}** The matter proceeded through the pretrial process, and appellant's trial counsel filed a motion to suppress. On August 7, 2017, a hearing was held on appellant's motion to suppress. The trial court issued a judgment entry on August 9, 2017, denying the motion. Thereafter, the matter continued through the pretrial process and a trial date was set for November 8, 2017.

**{¶8}** The November 8, 2017 trial date was converted to a final pretrial hearing, and at the request of appellant, the trial date was continued to January 16, 2018. On the next day, November 9, 2017, the trial court issued a journal entry stating that appellant had failed to comply with the conditions of his bond and issued a capias for appellant's arrest.

**{¶9}** On November 9, 2017, appellant was arrested on additional drug charges following a traffic stop. Just after midnight on November 9, 2017, two Cleveland police officers were patrolling the area of East 23rd Street and St. Clair Avenue in the city of Cleveland. Officers observed appellant operating a vehicle and playing very loud music, in violation of Cleveland's municipal ordinance. As officers pulled up next to appellant,

appellant turned down the volume of the music. While attempting to administer a loud-music-noise complaint, officers observed several baggies containing marijuana on the passenger's side floorboard. Several more baggies containing marijuana were located in the vehicle's passenger's door compartment. Appellant was arrested and placed in the backseat of the patrol car and transported to jail. After appellant was transported and removed from the patrol car, officers observed a white rock substance on the floor in the backseat of the patrol car. This substance tested positive for cocaine.

{¶10} Appellant was thereafter charged in the following two-count indictment in Cuyahoga C.P. No. CR-17-623194 ("623194"), for the November 9, 2017 traffic stop: Count 1, trafficking in marijuana, in violation of R.C. 2925.03(A)(2), a fifth-degree felony; and Count 2, possession of drugs — cocaine, in violation of R.C. 2925.11(A), a fifth-degree felony. Appellant pled not guilty to the charges, and this case was manually assigned to the trial judge assigned to 614900.

{¶11} Appellant's two pending cases were set for trial on the same day: February 26, 2018. After a continuance, both matters were rescheduled for trial on April 24, 2018. Prior to commencing trial on April 24, the prosecutor made an oral motion to join both cases for the purposes of trial. The trial court granted the motion. Both matters proceeded to a jury trial. With regards to 614900, appellant was found guilty of Counts 2 and 3, and was found not guilty of Count 1. With regard to 623194, appellant was found guilty of Counts 1 and 2.

**{¶12}** On May 23, 2018, the trial court held a sentencing hearing on both cases. In each case, appellant was sentenced to one-year community control sanctions under the supervision of the community-based correctional facility ("CBCF"). Appellant's sentences were ordered to be served concurrently.

**{¶13}** Appellant filed the instant appeal and assigns six errors for our review:

I.   The trial court erred in denying [a]ppellant's motion to suppress.

II.   The trial court erred by failing to grant a judgment of acquittal, pursuant to Crim.R. 29(A), on the charges, and thereafter entering a judgment of conviction of that offense as those charges were not supported by sufficient evidence, in violation of [appellant's] right to due process of law, as guaranteed by the Fourteenth Amendment of the United States Constitution.

III.   Appellant's convictions are against the manifest weight of the evidence.

IV.   The trial court erred by not ordering a separate trial for two cases.

V.   The trial court erred when it admitted other acts testimony in violation of R.C. 2945.59, Evid.R. 404(B) and [a]ppellant's rights under Article I, Section 10 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution.

VI.   The trial court improperly in the [s]entencing [j]ournal [e]ntries imposed court costs in this case when it said nothing about them in open court on the record.

## II.   Law and Analysis

### A.   Motion to Suppress

**{¶14}** In appellant's first assignment of error, he argues that the trial court erred in denying his motion to suppress.

**{¶15}** We review a trial court's decision on a motion to suppress under a mixed standard of review.

> "In a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility." *State v. Curry*, 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (8th Dist.1994). The reviewing court must accept the trial court's findings of fact in ruling on a motion to suppress if the findings are supported by competent, credible evidence. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. With respect to the trial court's conclusion of law, the reviewing court applies a de novo standard of review and decides whether the facts satisfy the applicable legal standard. *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 707 N.E.2d 539 (4th Dist.1997).

*State v. Miller*, 8th Dist. Cuyahoga No. 106946, 2018-Ohio-4898, ¶ 22.

**{¶16}** Appellant argues that investigating officers lacked reasonable suspicion and probable cause to stop appellant's vehicle. To this end, appellant also argues that officers "lacked the requisite 'reasonable suspicion' or 'probable cause' to pat down and/or search [a]ppellant or [his vehicle]." Appellant's brief at 11.

**{¶17}** This court has noted that the standards set forth in *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), "are applied in order to determine whether police engaged in reasonable conduct in making a traffic stop." *Strongsville v. Carr*, 8th Dist. Cuyahoga No. 89666, 2008-Ohio-907, ¶ 13. "Under *Terry*, a law enforcement officer may briefly stop and detain an individual for investigative purposes if he has a reasonable suspicion supported by articulable facts that 'criminal activity may be afoot.'" *Id.* at ¶ 14, citing *Terry* at 30.

> We evaluate the legitimacy of *Terry* stops by engaging in a two-part analysis of the reasonableness of the stop: First, we must determine

"whether there was a proper basis for the stop, which is judged by examining whether the law enforcement officials were aware of specific and articulable facts which gave rise to reasonable suspicion." *United States v. Garza*, 10 F.3d 1241, 1245 [(6th Cir.1993)]; *United States v. Hardnett*, 804 F.2d 353, 356 [(6th Cir.1986)] certiorari denied (1987), 479 U.S. 1097, 107 S.Ct. 1318, 94 L.Ed.2d 171. Second, we decide "whether the degree of intrusion into the suspect's personal security was reasonably related in scope to the situation at hand, which is judged by examining the reasonableness of the officials' conduct given their suspicions and the surrounding circumstances." *Id*.

*Id*. at ¶ 15.

{¶18} Furthermore, "if the specific and articulable facts available to an officer indicate that a motorist may be committing a criminal act, which includes the violation of a traffic law, the officer is justified in making an investigative stop." *State v. Davenport*, 8th Dist. Cuyahoga No. 83487, 2004-Ohio-5020, ¶ 15.

{¶19} Appellant appears to argue that because he was found not guilty of the traffic violation in Cleveland Municipal Court, officers were not justified in stopping his vehicle. It would follow that the officers did not have reasonable suspicion of criminal activity that would warrant the investigative stop of appellant's vehicle.

{¶20} In support of his argument in this regard, appellant cites to *State v. Lopez*, 8th Dist. Cuyahoga No. 93197, 2010-Ohio-2462. In *Lopez*, this court reversed a trial court's denial of a motion to suppress. This court noted that although the officer had a valid reason to initially stop Lopez because he did not observe a front or rear license plate, after the officer saw that a temporary license plate was properly displayed, he had no reason to ask for Lopez's driver's license. Lopez's valid temporary tag was affixed to the rear window, in full compliance with R.C. 4503.21. This court further noted that

once the officer exited his patrol car, the officer stated that he could immediately see the temporary tag affixed to the rear window. As such, the officer lacked a proper basis to conduct the traffic stop once he observed the temporary license plate tag was in full compliance with R.C. 4503.21.

{¶21} The instant matter is clearly distinguishable from *Lopez* because Officers Cooke and Shuster observed appellant pull out of a gas station and proceed through a red traffic light at an intersection, in violation of R.C. 4511.13. Indeed, the officers observed a traffic violation. In *Lopez*, the investigating officer testified that

> [H]e observed Lopez's vehicle coming toward his patrol car without a front license plate on the car. When Lopez passed him, [the officer] could not see a rear license plate on the vehicle either. * * *

> [The officer] could not see a rear license plate on Lopez's car "until he stepped out" of his patrol car.

*Id*. at ¶ 5, 6. Therefore, the officer in *Lopez* did not actually see a traffic violation, but stopped the vehicle to investigate whether or not Lopez's vehicle did or did not properly display the temporary tag. In the instant matter, Officers Cooke and Shuster observed a traffic violation; therefore, they had a proper basis to conduct an investigative stop of appellant's vehicle.

{¶22} After initiating the traffic stop and as Officers Cooke and Shuster were investigating the traffic violation, the officers encountered additional facts — the smell of burnt marijuana — which gave rise to a reasonable, articulable suspicion of criminal activity beyond the traffic violation for which the initial stop was prompted. "'The detention of a stopped driver may continue beyond [the normal] time frame when

additional facts are encountered that give rise to a reasonable, articulable suspicion of criminal activity beyond that which prompted the initial stop.'" (Citations omitted.) *State v. Batchili*, 113 Ohio St.3d 403, 2007-Ohio-2204, 865 N.E.2d 1282, ¶ 15, quoting *State v. Howard*, 12th Dist. Preble Nos. CA2006-02-002 and CA2006-02-003, 2006-Ohio-5656, ¶ 16.

{¶23} The Ohio Supreme Court has held that

> [t]he smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle, pursuant to the automobile exception to the warrant requirement. There need be no tangible evidence to justify a warrantless search of a vehicle.

*State v. Moore*, 90 Ohio St.3d 47, 48, 734 N.E.2d 804 (2000). Further, "[t]here need be no additional factors to corroborate the suspicion of the presence of marijuana." *Id*. at 50.

{¶24} Furthermore, once appellant refused to sign the traffic citation, three separate times, Officers Cooke and Shuster asked appellant to exit the vehicle. Officer Cooke testified that the failure to sign the traffic citation is itself a traffic offense. To this end, if appellant refused to sign, Officer Cooke testified that appellant would be arrested and the vehicle would be towed and thereafter subject to an inventory search.

{¶25} We note that at the close of appellant's counsel's arguments regarding the motion to suppress, his counsel stated that "even if there was probable cause for the traffic stop, there was no basis for a search of the vehicle without a search warrant." (Tr. 64.) The trial court responded:

> Well, the reason that he was removed from the vehicle is because he refused to sign the acknowledgment on the ticket. And he was going to be

arrested, from the testimony that I heard, so at this point in time the vehicle was going to be towed and going to be inventoried.

(Tr. 64.)   The trial court then denied appellant's motion to suppress.

{¶26} In our review of the record, we find that circumstances such as the officer's observations that appellant had committed a traffic violation, the smell of burnt marijuana, and appellant's refusal to sign the citation provided officers with reasonable suspicion and probable cause to search appellant's vehicle.   To this end, the trial court's findings are supported by competent, credible evidence, and the trial court did not err in denying appellant's motion to suppress.

{¶27} Accordingly, appellant's first assignment of error is overruled.

## B.   Crim.R. 29(A)

{¶28} In his second assignment of error, appellant argues that the trial court erred by denying defense counsel's Crim.R. 29 motion for a judgment of acquittal and that his convictions were not supported by sufficient evidence.

> A Crim.R. 29 motion challenges the sufficiency of the evidence.   The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial.   *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12.   An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.   *State v. Murphy*, 91 Ohio St.3d 516, 543, 747 N.E.2d 765 (2001).   "'The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'"   *State v. Walker*, 150 Ohio St.3d 409, 2016-Ohio-8295, 82 N.E.3d 1124, ¶ 12, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

*State v. Keller*, 8th Dist. Cuyahoga No. 106196, 2018-Ohio-4107, ¶ 19.

### 1. 614900

**{¶29}** In support of his sufficiency challenge, with regard to Count 2 in 614900, appellant argues that the state failed to prove he knowingly possessed the Tramadol.

**{¶30}** Pursuant to R.C. 2925.11(A), "no person shall knowingly, obtain, possess, or use a controlled substance."

> A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

R.C. 2901.22(B). Appellant appears to argue that because he was found not guilty as to Count 1, involving the methamphetamine located in a small bag inside the winter glove discovered underneath the driver's seat, then there existed insufficient evidence as to Count 2, involving the Tramadol.

**{¶31}** In the instant matter, appellant was the sole occupant of the vehicle and the Tramadol was found in the center console of the vehicle. It appears from the testimony that the Tramadol was easily in appellant's view and within appellant's reach as he was operating the vehicle. Notwithstanding the fact that appellant testified that none of the drugs in the car were his, on cross-examination, appellant stated that he knew the Tramadol was in the car. Appellant also testified that he was supposed to take the

Tramadol to someone he only knew as "D." In our review of the record, we find that there existed sufficient evidence that appellant knowingly possessed the Tramadol.

{¶32} Further, notwithstanding the above evidence, there existed sufficient evidence to establish that appellant constructively possessed the Tramadol. "Constructive possession exists when an individual exercises dominion and control over an object, even though the object may not be within his immediate physical possession." *State v. Wolery*, 46 Ohio St.2d 316, 329, 348 N.E.2d 351 (1976).

> Where a sizeable amount of readily usable drugs are in close proximity to the defendant, there is circumstantial evidence to support constructive possession. *State v. Williams*, 8th Dist. Cuyahoga Nos. 92009 and 92010, 2009-Ohio-5553, ¶ 68; *State v. Pruitt*, 18 Ohio App.3d 50, 480 N.E.2d 499 (8th Dist.1984); *State v. Braxton*, 8th Dist. Cuyahoga No. 56269, 1990 Ohio App. LEXIS 220 (Jan. 18, 1990); *State v. Walker*, 8th Dist. Cuyahoga Nos. 52485 and 52486, 1987 Ohio App. LEXIS 9176 (Oct. 15, 1987). Knowledge of an illegal object on one's property is sufficient to show constructive knowledge as long as the person is conscious of the object's presence. *State v. Santiago*, 8th Dist. Cuyahoga No. 95333, 2011-Ohio-1691, citing *State v. Hankerson*, 70 Ohio St.2d 87, 434 N.E.2d 1362 (1982).

*State v. Jones,* 8th Dist. Cuyahoga No. 101311, 2015-Ohio-1818, ¶ 46.

{¶33} Considering all of the aforementioned evidence in a light most favorable to the state, we find that appellant's conviction for drug possession was supported by sufficient evidence.

{¶34} With regard to Count 3, obstructing official business, appellant simply makes the assertion "that there is no ample evidence to substantiate a conviction to this charge." Appellant's brief at 18. Appellant cites to no authority, much less develops

any sort of argument as required by App.R. 16(A)(7). Nevertheless, we will address this argument.

{¶35} R.C. 2931.21(A) provides

No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties.

{¶36} In the instant matter, Officers Cooke and Shuster were acting in their official capacity as police officers. When officers located the suspected narcotics inside the winter glove, officers were authorized to arrest appellant on the suspected charge of drug possession. This authorized arrest was hampered and impeded when appellant fled the scene, running away from the officers. As such, appellant's conviction for obstructing official business was supported by sufficient evidence.

## 2. 623194

{¶37} With regard to 623194, appellant also argues that there lacked sufficient evidence to support his convictions. Appellant was charged with Count 1, drug trafficking, in violation of R.C. 2925.03(A)(2), which provides that no person "shall knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance * * * when the offender knows or has reasonable cause to believe that the controlled substance * * * is intended for sale or resale by the offender or another person."

**{¶38}** Appellant argues that because he "was not on the street selling or involved in any drug transactions," his conviction for drug trafficking is not supported by sufficient evidence. Appellant's brief at 19.

**{¶39}** In the instant matter, arresting officers located a total of 22 individually wrapped baggies containing marijuana in appellant's vehicle. Appellant was the only occupant of the vehicle. Further, Officer Nycz of the Cleveland Police Department provided detailed testimony that individually wrapped baggies of narcotics are typically used in the preparation of sale of narcotics.

**{¶40}** Based on these facts, we find that reasonable minds could conclude that appellant did knowingly transport the individual bags of marijuana, which he either intended to sell or knew someone else who was going to sell. *See State v. Black*, 8th Dist. Cuyahoga No. 86193, 2006-Ohio-103, ¶ 14. As such, appellant's conviction for drug trafficking was supported by sufficient evidence.

**{¶41}** Appellant was also charged in 623194 with possession of cocaine in violation of R.C. 2925.11(A). Appellant argues that there was not sufficient evidence that appellant possessed the cocaine. Officers testified that after appellant was arrested for the suspected drug trafficking, he was placed in the backseat of the patrol car and transported to jail. During transport, appellant was observed shifting around as he was seated in the backseat. After officers removed appellant from the backseat, officers observed a white rock of suspected cocaine on the floor in the backseat of the vehicle. This substance tested positive for cocaine. Officers testified that Cleveland police have

a department-wide protocol where patrol officers clean the backseat of their patrol car every time they transport an individual in the patrol car. This cleaning is also performed prior to and at the end of their patrol shift. Officer Nycz testified that he complied with this protocol on the night he arrested appellant and stated that the cocaine was not in the backseat prior to transporting appellant to jail.

{¶42} Based on these facts, we find that appellant's conviction for drug possession was supported by sufficient evidence.

{¶43} For all of these reasons, appellant's second assignment of error is overruled.

### C. Manifest Weight

{¶44} In his third assignment of error, appellant argues that his convictions were against the manifest weight of the evidence.

{¶45} A manifest weight challenge questions whether the state met its burden of persuasion. *Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, at ¶ 12. A reviewing court "'weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). "A conviction should be reversed as against the manifest weight of the evidence only in the most 'exceptional case in which the evidence

weighs heavily against the conviction.'"   *State v. Burks*, 8th Dist. Cuyahoga No. 106639,

2018-Ohio-4777, ¶ 47, quoting *Thompkins* at 387.

{¶46} Although this court reviews credibility when considering the manifest

weight of the evidence,

> we are cognizant that determinations regarding the credibility of witnesses and the weight of the testimony are primarily for the trier of fact.   *State v. Bradley*, 8th Dist. Cuyahoga No. 97333, 2012-Ohio-2765, ¶ 14, citing *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967).   The trier of fact is best able "to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony."   *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 24.

*Id.* at ¶ 48.   The jury is then able to observe any inconsistencies and resolve them

accordingly, "believ[ing] all, part, or none of a witness's testimony."   *State v. Raver*,

10th Dist. Franklin No. 02AP-604, 2003-Ohio-958, ¶ 21, citing *State v. Antill*, 176 Ohio

St. 61, 67, 197 N.E.2d 548 (1964).

{¶47} In the instant matter, in support of his manifest weight challenge, appellant

argues that the "testimony of the two incidents became so intertwined that it prohibited

the jury from properly evaluating what truly happened in this case."   Appellant's brief at

21.   Appellant again fails to cite to any authority as required by App.R. 16(A)(7) much

less develop any argument demonstrating that his convictions were against the manifest

weight of the evidence.   *See Cleveland v. Hall*, 8th Dist. Cuyahoga No. 101820,

2015-Ohio-2698, ¶ 14, citing App.R. 16(A)(7) (pursuant to App.R. 16(A)(7), this court

overruled an appellant's assignment of error relating to a sufficiency challenge because

the appellant did not make a specific argument regarding why the convictions were not

supported by sufficient evidence and only addressed the issues relating to the manifest weight challenge).

**{¶48}** Nevertheless, after reviewing the record and deferring to the trier of fact's credibility assessment, we are unable to conclude that the trier of fact lost its way and created a manifest injustice. The jury, as the trier of fact was in the best position to weigh the credibility of the witnesses and was free to believe all or part of appellant's testimony. It is apparent that the jury did believe some of appellant's testimony because the jury returned a not guilty verdict in 614900, on Count 1, possession of methamphetamine. However, appellant's convictions are not against the manifest weight of the evidence simply because the jury chose to believe portions of the officers' version of the events rather than appellant's proffered version of the events. *See State v. Middleton,* 8th Dist. Cuyahoga No. 106824, 2018-Ohio-5038, ¶ 25. *See also State v. Nelson*, 2017-Ohio-5568, 93 N.E.3d 472, ¶ 58 (8th Dist.).

**{¶49}** Based on our findings as to appellant's sufficiency challenge, we similarly find that appellant's convictions were not against the manifest weight of the evidence.

**{¶50}** Accordingly, appellant's third assignment of error is overruled.

### D. Joinder

**{¶51}** In appellant's fourth assignment of error, he argues that the trial court erred when it granted the state's motion to join appellant's two cases for purposes of trial.

**{¶52}** Crim.R. 13 provides that a trial court may order two or more indictments to be tried together "if the offenses or the defendants could have been joined in a single

indictment or information." In conjunction with Crim.R. 13, pursuant to Crim.R. 8(A), two or more offenses may be charged in a single indictment if the offenses "are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct." Crim.R. 8(A).

{¶53} The law favors joining multiple offenses in a single trial if these Crim.R. 8(A) requirements are satisfied. *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 565, ¶ 94. "'[J]oinder and the avoidance of multiple trials is favored for many reasons, among which are conserving time and expense, diminishing the inconvenience to witnesses and minimizing the possibility of incongruous results in successive trials before different juries.'" *State v. Houston*, 2017-Ohio-4179, 92 N.E.3d 176, ¶ 28 (8th Dist.), quoting *State v. Torres,* 66 Ohio St.2d 340, 421 N.E.2d 1288 (1981).

{¶54} "'A defendant claiming prejudice by the joinder of offenses may move for severance under Crim.R. 14.'" *State v. Bennett*, 9th Dist. Lorain No. 12CA010286, 2014-Ohio-160, ¶ 9, quoting *State v. Merriweather*, 9th Dist. Lorain No. 97CA006693, 1998 Ohio App. LEXIS 2021 (May 6, 1998). The defendant then has "'the burden of making an affirmative showing that his rights will be prejudiced'" by joinder. *State v. Davis*, 9th Dist. Summit No. 26660, 2013-Ohio-5226, ¶ 40, quoting *State v. Roberts*, 62 Ohio St.2d 170, 175, 405 N.E.2d 247 (1980).

{¶55} "When a defendant claims that he was prejudiced by the joinder of multiple offenses, a court must determine: (1) whether evidence of the other crimes would be

admissible even if the counts were severed; and (2) if not, whether the evidence of each crime is simple and distinct." *State v. Schaim*, 65 Ohio St.3d 51, 59, 600 N.E.2d 661 (1992), citing *State v. Hamblin*, 37 Ohio St.3d 153, 158-159, 524 N.E.2d 476 (1988). "'Simple and direct' evidence means the evidence of each crime is 'so clearly separate and distinct as to prevent the jury from considering evidence of [one crime] as corroborative as the other.'" *Houston*, 2017-Ohio-4179, 92 N.E.3d 176, ¶ 31 (8th Dist.), quoting *State v. Quinones,* 11th Dist. Lake No. 2003-L-015, 2005-Ohio-6576, ¶ 48.

**{¶56}** However, "a defendant's failure to renew his or her Crim.R. 14 motion for severance at the close of the [s]tate's case or at the close of all evidence waives all but plain error on appeal." *State v. Howard*, 3d Dist. Marion No. 9-10-50, 2011-Ohio-3524, ¶ 82, citing *State v. Miller*, 105 Ohio App.3d 679, 691, 664 N.E.2d 1309 (4th Dist.1995).

**{¶57}** In the instant matter, in our review of the record, we note that appellant did not renew his Crim.R. 14 motion at the close of the state's case. Accordingly, we review for plain error. *See id.* Prior to the commencement of trial, the prosecutor moved the trial court for a joinder of both of appellant's cases.

> [PROSECUTOR]: Your Honor, the state would move to join both the cases before the Court. They both involve charges of drug possession, and they're only three months apart. So under Criminal Rule 8 they could have been charged in the same indictment, so the state would request the Court join both cases and that we try them together.
>
> THE COURT: Actually they're nine months apart. I think, given the nature of the underlying offenses, that makes sense.
>
> [APPELLANT'S FIRST COUNSEL]: Judge, for the record I would object.

THE COURT:     Thank you.

[APPELLANT'S SECOND COUNSEL]:     Your Honor, I would object as well.

THE COURT:     Very good.     Noted for the record.     The Court will proceed with the trial on both cases.

(Tr. 65-66.)     However, these objections were not renewed, by either of appellant's two attorneys, and thus, we review for plain error.

> "To demonstrate plain error, the defendant must demonstrate that the trial court deviated from a legal rule, the error was an obvious defect in the proceeding, and the error affected a substantial right."     *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).     "The defendant must also demonstrate that the outcome of his trial would clearly have been different but for the trial court's errors."     *State v. Waddell*, 75 Ohio St.3d 163, 166, 661 N.E.2d 1043 (1996).     We recognize plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."     *State v. Landrum*, 53 Ohio St.3d 107, 110, 559 N.E.2d 710 (1990).

*Lyndhurst v. Smith*, 8th Dist. Cuyahoga No. 101019, 2015-Ohio-2512, ¶ 32.

{¶58} In our review of the record, we find appellant has failed to establish that he was prejudiced.     Even if appellant's objection to joinder had been properly renewed and even if the cases had been severed, we find that the evidence of each crime was simple and direct.     These two cases consisted of two distinct traffic stops, which occurred on two different dates.     The state presented the cases in chronological order. Moreover, the traffic stops were conducted by different law enforcement agencies.     RTA officers conducted the February traffic stop, and Cleveland police officers conducted the November traffic stop.     Taken together, these facts would assist the jury in differentiating between the two traffic stops.

**{¶59}** In 614900, the jury found appellant guilty of two counts, but not guilty of one of the counts. The jury's verdict demonstrates that they were able to separate the evidence and the charges associated with each traffic stop.

**{¶60}** Appellant appears to make the argument that because he was not provided with notice of the motion for joinder he was prejudiced. First, we find no requirement that the state was required to file a written motion for joinder. Second, we do not see how appellant was prejudiced by a lack of notice nor has appellant demonstrated how he was prejudiced by a lack of notice. Indeed, both of appellant's attorneys were given an opportunity to be heard on the motion for joinder and both attorneys objected to the joinder. (Tr. 65-66.)

**{¶61}** Accordingly, appellant's fourth assignment of error is overruled.

### E. Evid.R. 404(B)

**{¶62}** In his fifth assignment of error, appellant argues that the trial court erred when it admitted other acts testimony. Appellant "is attempting to force the state to undertake the Evid.R. 404(B) analysis under the joinder analysis." *State v. Harris*, 8th Dist. Cuyahoga No. 104833, 2017-Ohio-2985, ¶ 10. "Evid.R. 404(B) precludes the introduction of other crimes, wrongs, or acts to prove conformity with that character." *Id.* The state introduced the evidence of the individual crimes to prove each individual crime at trial. To this end, appellant's arguments relative to Evid.R. 404(B) are misplaced. As this court noted in *Harris,*

> [t]he evidence was not presented solely to prove conformity with the defendant's character. *State v. Herring*, 8th Dist. Cuyahoga No. 104441,

2017-Ohio-743, ¶ 12, citing *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, 983 N.E.2d 1278. The primary issue in this case is not Evid.R. 404(B) evidence; it is the propriety of the joinder. If error occurred in joining the two cases for trial, the admissibility of the Evid.R. 404(B) evidence is moot. On the other hand, if there is no reversible error with respect to the joinder, then Evid.R. 404(B) does not preclude the introduction of evidence for each individual crime. If we concluded otherwise, the state would have been precluded from presenting any evidence to prove the individual criminal charges.

*Id.* at ¶ 10. As such, appellant's arguments in this regard are without merit.

{¶63} Accordingly, appellant's fifth assignment of error is overruled.

### F. Court Costs

{¶64} In appellant's sixth assignment of error, he argues that the trial court erred by ordering him to pay court costs in the sentencing journal entries, without ordering such costs in open court at the sentencing hearing. Although we find that appellant's argument has merit, to the extent that appellant argues that we should vacate the trial court's imposition of court costs, we do not agree.

{¶65} The Ohio Supreme Court has recently ruled on this precise issue in *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 263. The court noted that the trial court "retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." (Emphasis deleted.) *Id.* at ¶ 265, citing R.C. 2947.23(C). As such, appellant can move the trial court at any time to waive the payment of costs. A remand from this court is not required. *See Beasley* at ¶ 265.

{¶66} Accordingly, appellant's sixth assignment of error is overruled.

### III. Conclusion

{¶67} The trial court did not err in denying appellant's motion to suppress. Appellant's convictions were supported by sufficient evidence and were not against the manifest weight of the evidence. Further, the trial court did not commit plain error when it granted the state's motion to join appellant's two cases for purposes of trial. The state introduced the evidence of the individual crimes to prove each individual crime at trial and therefore, an argument pursuant to Evid.R. 404(B) is misplaced. Although the trial court erred by imposing court costs in its sentencing journal entries without ordering appellant to pay court costs in open court at sentencing, the trial court retains jurisdiction to waive court costs, and thus, appellant can move the trial court at any time to request such a waiver.

{¶68} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY EILEEN KILBANE, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR